Judge Tucker.
The turn which was given to the argument of this cause, on the ground of the want of a sufficient averment of the cause of action in the declaration, would almost induce a suspicion that the gentleman from whom it proceeded held the decisions of this Court in less respect than they are certainly entitled to ; or that he had forgotten his own argument in a very late case on the same point; or was unacquainted with the principles upon which the decisions in Winston v. Francisco,(a) Chichester v. Vass,(b) and Cooke v. Simms,(c) (all of which were actions on the case, and after general verdict,) were founded. Lomax v. Hord, was also an action on the case ; and though inclined to think the second count might be supported after a verdict, I yielded my opinion, without reluctance, to the majority of the Court who thought otherwise, although that case, also, was not upon a demurrer. That a sentence introduced by the word whereas has been always regarded as mere recital, unless in a subsequent part of h there is some positive allegation, has been too long settled both by pedagogues and rhetoricians, as well as by Courts, to be doubted at this day. That part of the declaration in which the escape (the very gist of this action) is mentioned, is prefaced in that manner; nor does it appear to me to be helped by the words u whereby the said writing obligatory “ became forfeitedthat being only a legal conclusion, and not as was contended a substantive averment of a matter of fact. Still I should have struggled hard to support this declaration, if in the subsequent part a proper expression, such as might refer to the whole subject matter before recited had been used, instead of the word assignment, as the inducement to the action. For the assignme it of the bond alone could not give a right of action unless a precedent escape had given a causé of action : neither is this mistake (probably made cúrrente calamo} aided upon a demurrer, by the subsequent words “ and by force oi an ac<. of *281 u Assembly in that ease made and provided,” because the act of Assembly does not give an action, unless there has been an escape, which in this case is not properly averred. In an action founded upon a statute, the plaintiff ought to aver very fact necessary to inform the Court that his case is w:Jun the statute. Whether a verdict might have supplied the want of this averment, [ shall not pretend at present Ui say ; the question before us being, whether it is good upon a general demurrer. I think it is not.
But an objection was taken to die bond itself, which, if sound, is fatai not only to the present action, but to any odier that may be brought upon this bond. - By the act of 1748, c. 6. incorporated in the late revisal.(a) it is declared that it shall not be lawful for any sheriff or his officer or deputy, to take" any obligation of or from any person or persons in his custody, for or concerning any matter relating to his office, otherwise payable, thlan to himself as sheriff", and dischargeable upon the prisoner’s appearance, &c. And every obligation by any sheriff taken, in other manner or form by colour of his office, shall be null and void ; except, in any special case, any other obligation is, or shall be by law, particularly and expressly directed. This clause was framed on the purview of stat. 23 Hen. VI. c. 10. concerning which great doubts were formerly en-eriained, whether the Judges must take notice of it, ex oficio, or whether it must be pleaded,(b) but that doubt has been lately overruled in England ;(c) and there is the same or greater reason for overruling it in this country, where special pleading is so seldom practised, and where the law permits private acts to be given in evidence without pleading. The bond auiho! ized to be taken from.persons in execution by the act of 1748, is to be taken to the sheriff with good and sufficient securities under a reasonable penalty, upon condition that he shall not depart or go out of the rules, or bounds of the prison to which he was committed. Any further substantive condition under the first recited act is therefore voide.(d) The sole question then is, whether those words *282 of the condition, “ if the above bound John Webb shall keep “ within the prison bounds laid off by the Justices of the “ Court of New Kent, until he shall have discharged the debt “ and costs, and save harmless the said John Lacy, then “ the above obligation to be void, otherwise to remain in “ full force and virtue.” do import a substantive condition beyond that which the law authorizes. Suppose Webb should have taken the oath of insolvency, and had been discharged by virtue thereof. Would he not have broken the condition not to depart the bounds until he should have discharged the debt and costs ? Certainly, I conceive: the bond is therefore void for that part of the condition which should have only required that he should not depart the bounds, until thence discharged by due course of laxo. Again; suppose him to have left the bounds, and that the sheriff had neglected to pursue the proper steps pointed out by the law to take him ; and for that neglect the plaintiff had brought suit against the sheriff and recovered. Still might not the sheriff, according to the latter part of this condition, have brought suit against Webb and his securities, to indemnify him for his departure from the bounds, though he might have retaken him if he would, the next day, or perhaps the next hour? Certainly he might, unless the bond itself be void. Now every bond taken in such manner as to induce or encourage neglect of duty in a public officer is void, I conceive, by the common law.
The statute has, for the sake of the prisoner, superadded a further security against the abuses of office, by declaring all bonds taken in any other manner or form, than such as is by law particularly and expressly directed, void.(a) I am therefore of opinion both judgments were correct, and ought to be affirmed..
Judge Fleming.(1)
After a deliberate and mature consideration of this case, I perfectly concur in the opinion just *283 delivered, on every point; and more especially, that the bond on which the action was founded is .illegal and void, not being authorized either by the common law, or by statute ; the condition being thatli John Webb” the debtor, should keep within the prison bounds laid off by the Justices of the Court of New Kent, until he should have discharged “ the debt” ándeoste, and save harmless the said John Lacy. The effects that such a bond might have had on the prisoner, have been too clearly pointed out to need a repetition; and, had the declaration been ever so formal and correct, an action on this bond never could have been sustained, it being-void in itself, as having been taken, expressly, contrary to Jaw.
Judgment affirmed.

 2 Wash. 187.

 1 Call. 83.

 2 Call, 39.

Rev.Code, vol. 1. c. 80. s. 17. p. 122.

SeePlowd, 64, 65.

 2 Term Rep. 574, 573 Samuel v. Evans.

Plowd. 64. 68.

 See Dives v. Manningham, Plowd. 60—69. See. also Rogers v. Reeves, 1 Term Rep. 418.

 Judge Roane (being related to the plaintiff) did not sit in this cause.